# TABLE OF CONTENTS

**PAGE**

Duty of Jury.................................................................................................1

Claims and Defenses ....................................................................................2

Burden of Proof—Preponderance of the Evidence .....................................3

What is Evidence..........................................................................................4

What is Not Evidence....................................................................................5

Evidence for Limited Purpose .....................................................................6

Direct and Circumstantial Evidence............................................................7

Ruling on Objections ...................................................................................8

Credibility of Witnesses ..............................................................................9

Conduct of the Jury .....................................................................................11

Conversations with Parties, Attorneys or Witnesses...................................14

No Transcript Available to Jury ..................................................................15

Taking Notes ...............................................................................................16

Questions to Witnesses by Jurors During Trial...........................................17

Bias..............................................................................................................18

Bench Conferences and Recesses................................................................19

Outline of Trial............................................................................................20

Cautionary Instructions ...............................................................................21

Stipulations of Fact.................................................................................22

Deposition in Lieu of Live Testimony .....................................................23

Impeachment Evidence – Witness.............................................................24

Use of Requests for Admission ................................................................25

Evidence in Electronic Format .................................................................26

Communication with Court .......................................................................28

Liability of Corporations ..........................................................................29

Damages—Proof .......................................................................................30

Fair Credit Reporting Act ("FCRA") Damages .......................................31

FCRA Damages - Business .......................................................................32

Emotional Distress Damages Examples....................................................33

Emotional Distress Damages.....................................................................34

Punitive Damages......................................................................................35

CCCRAA Per-Violation Punitive Damages.............................................37

Congressional Findings .............................................................................38

Purpose of the FCRA.................................................................................39

FCRA Enactment.......................................................................................40

FCRA Duties .............................................................................................41

FCRA Design ............................................................................................42

Duty to Deliberate .....................................................................................43

Communication with Court ........................................................................44

Return of Verdict .....................................................................................45

Post-Discharge Instruction ......................................................................46

Additional Instructions of Law ...............................................................47

Deadlocked Jury ......................................................................................48

Continuing Deliberations After Juror is Discharged ...............................49

**Jury Instruction – 1**

**Duty of Jury**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected, and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## Jury Instruction – 2

## Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Ms. Dehcheshmeh asserts that BMO violated the following laws:

The Fair Credit Reporting Act; and, the California Consumer Credit Reporting Agencies Act

The plaintiff has the burden of proving these claims.

BMO admits to liability, however, BMO denies it caused Ms. Dehcheshmeh any damages.

## Jury Instruction – 3

## Burden of Proof—Preponderance of the Evidence

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## Jury Instruction – 4

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

• the sworn testimony of any witness;

• the exhibits that are admitted into evidence;

• any facts to which the lawyers have agreed; and

• any facts that I [may instruct] [have instructed] you to accept as proved.

4

**Jury Instruction – 5**

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

- Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

- Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

- Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

- Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**5**

## Jury Instruction – 6

## Evidence for Limited Purpose

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**Jury Instruction – 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Jury Instruction – 8**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**8**

**Jury Instruction – 9**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

- the opportunity and ability of the witness to see or hear or know the things testified to;

- the witness's memory;

- the witness's manner while testifying;

- the witness's interest in the outcome of the case, if any;

- the witness's bias or prejudice, if any;

- whether other evidence contradicted the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Jury Instruction – 10
## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or

anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have

**12**

denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the clerk signed by any one or more of you.

## Jury Instruction – 11

### Conversations with Parties, Attorneys or Witnesses

Although it is a normal human tendency to talk to people with whom you come in contact, during the time you serve on this jury, do not talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not talk about the case, but do not talk to them at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. If a lawyer, party or witness does not acknowledge you, that person is not being rude, but is merely following my instructions not to speak with you.

The parties and the attorneys involved in this case, or people working with them on this case, may properly look at a juror's public website, public social media, posts or blogs, or your social media profiles that are publicly accessible. This may have occurred during jury selection, and also may occur during the course of this trial, during deliberations, and after the trial has ended. While the parties and attorneys may look at your public media, they may not communicate with you through public media or any other way during the trial and deliberations.

In fact, nobody may communicate with you about the case for any reason in any manner during the course of this trial or during the time you are deliberating. If you believe anyone has attempted to communicate with you, in any manner about the case, let the Courtroom Deputy as soon as possible. You should not communicate about the case with anyone other than the Courtroom Deputy.

**14**

## Jury Instruction – 12

## No Transcript Available to Jury

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

## Jury Instruction – 13

### Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## Jury Instruction – 14

## Questions to Witnesses by Jurors During Trial

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

**Jury Instruction – 15**

**Bias**

Each one of us has biases about or certain perceptions or stereotypes of other people. Bias is a tendency to favor or disfavor a person or group of people. We may be aware of some of our biases, though we may not reveal them to others. We may not be fully aware of some of our other biases. We refer to biases that we are not fully aware of as "implicit" or "unconscious." They may be based on stereotypes we would reject if they were brought to our attention. Implicit or unconscious biases can affect how we perceive others and how we make decisions, without our being aware of the effect of these biases on those decisions.

Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, and whom we believe or disbelieve. We may favor or be more likely to believe people whom we see as similar to us or with whom we identify. Or we may disfavor or be less likely to believe people whom we see as different from us.

As jurors you are being asked to make very important decisions in this case.

You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against parties or witnesses because of their race, national origin, ethnicity, disability, gender, gender identity, gender expression, religion, sexual orientation, age, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.

**Jury Instruction – 16**

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## Jury Instruction – 17
## Outline of Trial

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## Jury Instruction – 18
## Cautionary Instructions

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom. This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers. You also must not communicate with anyone, in any way, about this case. And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here. So you must not learn any additional information about the case from sources outside the courtroom. To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands]. I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.

**Jury Instruction – 19**

**Stipulations of Fact**

The parties have agreed to certain facts to be placed in evidence filed in the Statement of Undisputed Facts. You must therefore treat these facts as having been proved.

**Jury Instruction – 20**

**Deposition in Lieu of Live Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Jaime Lara was taken on October 9, 2025.  The designations within this deposition contain objections asserted by BMO however those objections have been withdrawn.

The deposition of Vanessa Roman was taken on October 16, 2025.

The deposition of Kelly Devitt was taken on October 16, 2025.

The deposition of Toni Zaiser was taken on October 22, 2025.

The deposition of David Fagan was taken on October 23, 2025.  Mr. Fagan's deposition is one consolidated video containing portions Ms. Decheshmeh has selected for you as well selections made by BMO.  In addition, the designations within this deposition contain an objection asserted by BMO however those objections have been withdrawn.

The deposition of Eric Kent was taken on October 23, 2025.

The deposition of Teresa Rocha was taken on November 13, 2025.

The deposition of Brigitte Barraza was taken on November 13, 2025.  The designations within this deposition contain an objection asserted by BMO however this objection has been withdrawn.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

23

**Jury Instruction – 21**

**Impeachment Evidence – Witness**

The evidence that a witness lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Jury Instruction – 22**

**Use of Requests for Admission**

Evidence will now be presented to you in the form of admissions to the truth of certain facts.  These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures.  You must treat these facts as having been proved.

## Jury Instruction – 23

## Evidence in Electronic Format

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer, and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits if possible. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the Courtroom Deputy.

If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the Courtroom Deputy present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose.  At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website,

26

database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

**Jury Instruction – 24**

**Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## Jury Instruction – 25

## Liability of Corporations

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Jury Instruction – 26**

**Damages—Proof**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The nature and extent of the injuries;
- The loss of enjoyment of life experienced;
- The mental, emotional, pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

30

**Jury Instruction – 27**

**Fair Credit Reporting Act Damages**

The Fair Credit Reporting Act ("FCRA") allows consumers to recover for out-of-pocket expenses, damages to reputation; and, damages to creditworthiness amongst other pecuniary losses.

32

**Jury Instruction – 28**

**FCRA Damages - Business**

The FCRA allows consumers to recover for lost business opportunities stemming from inaccurate information on their consumer credit report.

**Jury Instruction – 29**

**Emotional Distress Damages Examples**

As examples, emotional distress damages may include humiliation, injury to reputation, embarrassment, fear, anger, panic, mental distress, nervousness, difficulty eating, distraction from day to day activities, difficulty sleeping, lack of concentration, anxiety, impaired relationships with friends, family or coworkers, and any other symptoms arising from a defendant's violations.

34

## Jury Instruction – 30
## Emotional Distress Damages

Emotional distress damages are also recoverable even if Ms. Decheshmeh has no out-of-pocket losses or credit denials.

## Jury Instruction – 31
### Punitive Damages

If you find for the plaintiff, you may, but are not required to, award punitive damages.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that

35

harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

**Jury Instruction – 32**

**California Consumer Credit Reporting Agencies Act Per-Violation Punitive Damages**

Punitive damages pursuant to the California Consumer Credit Reporting Agencies Act ("CCCRAA") are awarded for each time inaccurate credit information is reported to any of the credit bureaus.

The amount of these damages pursuant to the CCCRAA may range from $100 per violation up to $5,000 per violation.

**Jury Instruction – 33**

**Congressional Findings**

When Congress enacted the Fair Credit Reporting Act, it found that "[t]he banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system."  "'To ensure that credit reports are accurate, the FCRA imposes some duties on the sources that provide credit information to [credit reporting agencies ('CRAs')], called 'furnishers' in the statute.'"

**Jury Instruction – 34**

**Purpose of the FCRA**

The purpose of the FCRA is to require furnishers to investigate and verify that they are in fact reporting complete and accurate information to the Credit Bureaus after a consumer has disputed it.

**Jury Instruction – 35**

**FCRA Enactment**

In enacting the FCRA, Congress created a system intended to give consumers a means to dispute with furnishers – and ultimately correct – inaccurate information on their credit reports.

**Jury Instruction – 36**

**FCRA Duties**

The Credit Bureaus and furnishers each have separate duties to ensure that only accurate information is reflected on a credit report.

## Jury Instruction – 37

## FCRA Design

The FCRA is designed to prevent furnishers from spreading inaccurate credit information.

### Jury Instruction – 38
### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## Jury Instruction – 39
## Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including the court-how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged

**Jury Instruction – 40**

**Return of Verdict**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

## Jury Instruction – 41
## Post-Discharge Instruction

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me, and I will assist.]

**Jury Instruction – 42**

**Additional Instructions of Law**

At this point I will give you an additional instruction. By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instructions.

You are not to attach undue importance to the fact that this instruction was read separately to you. You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction]

You will now retire to the jury room and continue your deliberations.

47

## Jury Instruction – 43
## Deadlocked Jury

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

**Jury Instruction – 44**

**Continuing Deliberations After Juror is Discharged**

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.